**MEDCALF & THOMAS v. SMITH.**

No. 12429.

Court of Civil Appeals of Texas. Dallas.

June 11, 1938.

Rehearing Denied July 23, 1938.

Zeno C. Ross and Arthur Haddaway, both of Fort Worth, for appellant.

John H. Bickett, Jr., R. D. Hardy and C. M. Means, all of Dallas, for appellee.

LOONEY, Justice.

This appeal is from an order overruling a plea of privilege. Plaintiff below sued Medcalf & Thomas, a corporation, resident of Tarrant County, Texas for damages; alleging in substance that, by fraudulent representations, he was induced to purchase a dentist's chair and other dental equipment from the defendant, resulting in damages to plaintiff in the sum of $1500 for annoyance, physical pain, etc., incident to the use of the defective chair; also $445 difference in the market value of the chair as represented and the one delivered; also exemplary damages in the sum of $2000; alleging that he owed the defendant $836, balance of purchase money for the chair and equipment, evidenced by a promissory note payable in Tarrant County, secured by a chattel mortgage on the property purchased, prayed for and secured the issuance of a temporary injunction prohibiting defendant from suing upon or negotiating the note, or seeking foreclosure of the chattel mortgage lien.

In due time, appellant filed a statutory plea of privilege, claiming its right to be sued in Tarrant County, which in due time was controverted by appellee, contending that venue was properly laid in Dallas County on three grounds: (1) That the cause of action was based upon an obligation in writing performable in Dallas County; (2) that the action was founded on fraud committed in Dallas County; and (3) that the cause of action, or a part thereof, arose in Dallas County.

There was no evidence or finding by the court that any fraud was committed in Dallas County, therefore venue in said county exists, if at all, on one of the other two grounds—that is, that the defendant contracted in writing to perform in Dallas County, or that the cause of action, or a part thereof, arose in said county.

The written obligation forming the basis of the suit was executed and delivered in the City of Fort Worth, Tarrant County, on July 18, 1935, and (omitting immaterial matter) reads as follows: "Dr. V. A. Smith, Medical Arts Building, Dallas, Texas. Dear Dr. Smith: As per our agreement, we will furnish you with equipment as follows, at prices listed, f. o. b. Fort Worth, Texas (here follows description of equipment). Very truly yours, Medcalf & Thomas (Signed) K. A. Thomas. P. S. We are fully responsible for this equipment until delivered to Dr. Smith, 834 Medical Arts Building, and guarantee equipment to be free of damages on delivery. [Signed] K. A. Thomas."

On hearing the plea and contest, the court held that the postcript obligated appellant to perform in Dallas County, by delivering the dental chair and equipment to appellee at his office in said City free of damages, thus fixing venue of the suit in Dallas County, on two grounds—that is, because based upon an obligation in writing performable in Dallas County; also as showing that the cause of action, or a part thereof, arose in said county.

Ordinarily, when goods are sold f. o. b. point of origin, as in the instant case, such point and not the destination is deemed the place of delivery. However, the postcript reading "We are fully responsible for this equipment until delivered to Dr. Smith, 834 Medical Arts Building, and guarantee equipment to be free of damages on delivery" means something else, but when construed in harmony with the preceding f. o. b. provision, in our opinion, simply obligated appellant to indemnify appellee for injury to the property sustained while in transit from Fort Worth to Dallas. This we think apparent from the concluding language, to-wit: "and guarantee the equipment to be free of damages on delivery", and is in harmony with the testimony of appellee, who said: "I told him (Mr. Thomas) I wouldn't accept the equipment in my office unless he would become fully responsible for the equipment between Dallas and Fort Worth, and he said he would." Appellee neither alleged nor sought to recover any such damages.

Some significance is attached to the fact that an agent of appellant unpacked the equipment and installed same in appellee's office in the Medical Arts Building in Dallas. The record fails to disclose a contract requiring appellant to

uncrate and install the equipment, but, be that as it may, appellee did not seek damages because of anything growing out of the uncrating or installation of the equipment, the suit being based upon the alleged breach of warranties, his testimony being to the effect that, about four months after the installation of the dental chair, it developed trouble which proved to be due to a broken bearing.

The parties have cited a number of cases, each analogous in some respect to the case under consideration; some sustaining and others defeating the plea of privilege, but in each there existed some differentiating feature that controlled the decision. It would serve no useful purpose to comment upon these cases, as our decision is predicated alone on the construction of the written contract here involved, which presents simply a question of law.

The judgment of the court below is reversed and judgment here rendered for appellant, sustaining its plea of privilege and changing the venue of the cause to a court of proper jurisdiction in Tarrant County, with instructions to the clerk of the court below to make up a transcript of all orders in the case, certifying thereto officially under the seal of the court, and transmit same with the original papers to the clerk of the District Court of Tarrant County, Texas.

Reversed and rendered, with instructions to the clerk below.